IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| TONY RAY LARSON, | ) |  |
|---|---|---|
| Plaintiff, | ) ) ) | |
| vs. | ) | Case No. CIV-14-00062-R |
| | ) | |
| DR. McCURDY; DR. FISHER; WARDEN FARRIS; GENESE McCOY; TAMARA HILL, CHSA; and EDWARD EVANS, Interim Director. | ) ) ) ) ) ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION[1]

**I.    Claims and procedural history.**

**A.    Plaintiff's complaint.**

Tony Larson (Plaintiff) is a state prisoner who appears pro se and pursuant to 42 U.S.C. § 1983 seeking this Court's order directing Defendants to reinstate his pain medications. Docs. 1 at 8-9.[2] He filed this action from the Lexington Assessment and Reception Center (LARC), *id.* at 1, and named the following six Defendants:

(1)    Dr. Fisher. Plaintiff states that Dr. Fisher is a "chronic doctor – retired" who was his "primary doctor and care giver." *Id.* at 1. He claims that

---

[1]    **This report contains information extracted from documents which have been filed under seal.** *See* Docs. 27, 28, 29.

[2]    Citations reflect this Court's CM/ECF designation and pagination.

after "Psych." doctors "failed to continue [his] psych medicine for depression" upon his arrival at LARC in May 2013, he "was in a dark depressive place" "by late Aug. 2013," and that when a nurse gave him his medications at "the pill window," he "put them in [his] mouth and spit them all back into [his] hand in her view" then "dropped some." *Id*. at 2. He contends that the nurse advised Dr. Fisher that he "was cheeking [his] meds, and instead of going through the disciplinary & due process," *id.*, Dr. Fisher discontinued long-standing orders for "medically necessary pain medicine" – morphine and Neurontin – "for a non medical reason." *Id*. at 1. Plaintiff alleges that Dr. Fisher has "punished [him] without due process" and subjected him to cruel and unusual punishment, "leaving [him] to suffer in pain for an issue which is a prison rule violation to be handled by prison disciplinary staff." *Id*.

(2) Dr. McCurdy. Plaintiff states that Dr. McCurdy is a "chronic doctor" and that "[a]s Dr. [F]isher[']s stand in and replacement, he continues to deny [Plaintiff] pain meds and said if [Plaintiff] went for one year without a misconduct he'd consider giving back some of [Plaintiff's] meds." *Id*. at 2. Plaintiff further states that this occurred on October 14, 2013 when "Dr. [McCurdy] increased [Plaintiff] to 2 Topamax when [Plaintiff] asked to see him

2

for [Plaintiff's] pain." *Id.* at 5.[3] He claims that Dr. McCurdy is violating his due process and Eighth Amendment rights. *Id.* at 4-5.

(3) Warden Farris. Plaintiff alleges that Defendant Farris, the LARC warden, "[a]llow[ed] incompetence in medical to run rampant." *Id.* at 3.

(4) Tamara Hill. Plaintiff identifies Tamara Hill as the LARC "CHSA," that is, the correctional health services administrator for LARC. *Id.* He alleges that she "assisted in constitutional violations as punishment without due process [and r]efused to intervene or discuss problem or solution." *Id.* He complains that when Defendant Hill "told [him] to see Dr. Fisher," she should have known that Dr. Fisher had already refused to see him or to reinstate his pain medication orders. *Id.* at 4-5. He further maintains that the Oklahoma Department of Corrections (DOC) medical services administrator in Oklahoma City, Defendant Genese McCoy, denied his grievance "for not following Tamara Hill's advice to put in [a] sick call slip . . . ." *Id.* at 5.

(5) Plaintiff identifies Genese McCoy as "Medical Services Administrator, ODOC, OKC." *Id.* at 3. Plaintiff claims that Defendant McCoy

---

[3] Plaintiff misidentifies Dr. McCurdy as "Dr. McCoy." Doc. 1, at 5. It is evident this was a mistake. Plaintiff had previously alleged that "Dr. McCurdy put me on a head ache medicine 'Topamax' and my serious medical needs for prescription pain medication is far beyond Topamax." *Id.*

denied his grievance for "no reason" and did so based on "false information and facts." *Id.*

(6) Edward Evans, Interim Director. Finally, Plaintiff names the then interim director of the DOC as a defendant, and faults him for "allowing such incompetence in the prisons" and "allowing the . . . 8th Ammend. and 14th Ammend. to be violated daily by the medical system set up in the prison he is in charge of." *Id.*

As relief for the foregoing, Plaintiff states that he is entitled to "[b]e put back on my pain medication, morphine and neurontin, to stop this awful pain I'm suffering [and t]o have the prison medical dept. investigated and prevented from being able to carry out these abuses towards me again." *Id.* at 8.

**B.  Procedural history.**

United States District Judge David L. Russell referred this matter to the undersigned Magistrate Judge for initial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B), (C). Doc. 4. Consistent with that referral the undersigned ordered service and directed prison officials to submit a special report. Docs. 14, 29. *See Martinez v. Aaron*, 570 F.2d 317, 319 (10th Cir. 1978) (per curiam).

Defendants filed a supported motion to dismiss or, alternatively, for summary judgment grounded on Plaintiff's failure to state a cognizable claim for relief, to allege personal participation, and to exhaust his administrative

4

remedies. Doc. 30, at 8.[4]  In a single filing, Plaintiff opposed Defendants' motion and requested judgment in his favor. Doc. 35.  Defendants separately replied to Plaintiff's response and responded to his summary judgment request.  Docs. 36, 37.  Plaintiff then separately replied.  Docs. 41, 42.

On November 4, 2014, Plaintiff notified the court of his new address at the Joseph Harp Correctional Center.  Doc. 45.  That notification is the last docketed event in this matter.

In light of Plaintiff's transfer and the claims asserted in his complaint, the undersigned recommends that Judge Russell dismiss Plaintiff's claims against all Defendants as moot and dismiss this action without prejudice.

## II.  Analysis.

### A.  Nature of Plaintiff's requested relief.

Plaintiff seeks prospective injunctive relief against Defendants.  *See Buchheit v. Green*, 705 F.3d 1157, 1159 (10th Cir. 2012) ("Determining whether a request for injunctive relief is prospective requires 'a straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" (quoting *Verizon Md., Inc. v. Pub. Serv. Comm'n*, 535 U.S. 635, 645 (2002))).  And, although Plaintiff does

---

[4]  Defendant Fisher has not been served and, thus, is not a movant. *See* Doc. 40.

5

not specify in what capacity he is suing the Defendants, he necessarily requests relief from them in their official capacities. *See Brown v. Montoya*, 662 F.3d 1152, 1162 n.5 (10th Cir. 2011) (When a plaintiff sues pursuant to § 1983, he "may sue individual-capacity defendants only for money damages and official-capacity defendants only for injunctive relief.") (citing *Hafer v. Melo*, 502 U.S. 21, 30, 27 (1991)); *see also Branson Sch. Dist. RE-82 v. Romer*, 161 F.3d 619, 631 (10th Cir. 1998) ("[A] suit against a state official in his or her official capacity seeking prospective injunctive relief is not considered a suit against the state for Eleventh Amendment purposes.").

### B. Mootness.

"Article III delimits the jurisdiction of federal courts, allowing us to consider only actual cases or controversies." *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1311 (10th Cir. 2010) (internal quotation marks and citation omitted). "In deciding whether a case is moot, the crucial question is whether granting a present determination of the issues offered will have some effect in the real world. When it becomes impossible for a court to grant effective relief, a live controversy ceases to exist, and the case becomes moot." *Id.* (citation omitted). "The mootness doctrine provides that although there may be an actual and justiciable controversy at the time the litigation is commenced, once that controversy ceases to exist, the federal court must dismiss the action for want

of jurisdiction." *Jordan v. Sosa*, 654 F.3d 1012, 1023 (10th Cir. 2011) (internal quotation marks omitted). And, the court "must address this issue, though not raised by the parties, because mootness is jurisdictional." *Cleveland v. Martin*, No. 14-5060, 2014 WL 5368884, at *2 (10th Cir. Oct. 23, 2014) (unpublished op.) (citing *Tandy v. City of Wichita*, 380 F.3d 1277, 1290 n.15 (10th Cir. 2004)).

"[I]t is well-settled that a prisoner's transfer out of a prison moots his requests for . . . injunctive relief against staff at that prison." *Nasious v. Colorado*, 495 F. App'x 899, 903 (10th Cir. 2012). Following Plaintiff's transfer, "an injunction against [the LARC Defendants] would not improve [his] present circumstances" and he has pled nothing that suggests otherwise.[5] *Cleveland,* 2014 WL 5368884, at *2. And, while Plaintiff has also sued the interim director of the DOC and the DOC medical services administrator, this is not a case in which Plaintiff is "challenging policies that apply in a generally uniform fashion throughout a prison system . . . ." *Jordan*, 654 F.3d at 1028.[6] Instead, he is challenging what he alleges is an ongoing decision by LARC physicians to

---

[5]     Nor did he following a prior transfer that occurred shortly after Defendants responded to his complaint. *See* Doc. 38.

[6]     Moreover, publically-available information establishes that Robert Patton was named as Director of Corrections on January 17, 2014. *See* http://www.ok.gov/doc/About_Us/Director's_Office/. Plaintiff filed this action on January 21, 2014, having signed his complaint on January 16, 2014. Doc. 1, at 8. He has not amended his complaint to allege that he is being harmed by Director Patton. *See Jordan,* 654 F.3d at 1028 n.16.

withhold his pain medication for the sole reason that he violated a DOC rule. *See* Doc. 1.[7] Plaintiff's "claims for injunctive . . . relief became moot when [he] was transferred." *Cleveland,* 2014 WL 5368884, at *2. "With that transfer, an injunction . . . would no longer provide any real-world effect." *Id.*

## III. Recommendation and notice of right to object.

For the reasons stated, the undersigned recommends that Judge Russell dismiss Plaintiff's claims as moot and dismiss this action without prejudice.

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of Court on or before March 11, 2015, in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises the parties that failure to file a timely objection to

---

[7] As is expected in litigation, Defendants' briefing and LARC's special report counter Plaintiff's contention that his morphine and neurontin are being withheld for a non-medical reason. According to his medical records, Plaintiff had been hospitalized shortly before the pill cheeking incident due to an episode of acute diminished mental status that was found to have been caused by a medication interaction – the combination of illicit pot smoking and prescribed morphine, neurontin, and phenergan. Doc. 29, Att. 4, at 1. Following the pill cheeking incident, Dr. Fisher noted that he was left with no option other than to stop Plaintiff's neurontin and to rapidly taper him off of morphine because he could not be relied on to safely use his medications. *Id.* at 3. In any event, and for purposes of applying the mootness doctrine to Plaintiff's claims against the DOC Defendants, Plaintiff challenges an ongoing decision by LARC physicians to withhold his pain medication. He does not maintain that the LARC physicians are withholding his pain medication because of existing DOC policy or that his claims implicate existing DOC policy. *See Abdulhaseeb,* 600 F.3d at 1312. Rather, he emphatically denies the existence of any policy bearing on his claims. Doc. 35, at 20.

8

this Report and Recommendation waives their right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

ENTERED this 19th day of February, 2015.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE